# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

TIMOTHY GENS,

    Appellant,

v.

DORIS KAELIN,

    Appellee.

Case No. 17-cv-03616-BLF

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

On June 19, 2017, Appellant Timothy Gens, proceeding pro se, filed a Notice of Appeal from the bankruptcy court's Order Granting Trustee's Motions to (1) Sell Real Property and Pay Fees, Costs, Taxes, and Commissions, Other than the Lien of Wells Fargo, and (2) Sell Free and Clear of Claims, Liens, and Interests. *See* Notice of Appeal, ECF 1-1. Appellant also filed an application for temporary restraining order ("TRO") pending appeal. *See* Application for TRO, ECF 1-5. The appeal and TRO application initially were referred to the Bankruptcy Appellate Panel ("BAP"). *See* Notice of Referral to Bankruptcy Appellate Panel, ECF 1-4. On June 21, 2017, the Chapter 7 Trustee filed a Statement of Election to Have Appeal Heard by District Court. *See* Statement of Election, ECF 1-3. The appeal and TRO application were transferred to the District Court and assigned to the undersigned on June 22, 2017. *See* Notice of Transfer of Appeal to District Court, ECF 1.

The bankruptcy court's order which is the subject of Appellant's appeal and TRO application was entered in the bankruptcy of Appellant's wife, Laura Gens. *See* Bankruptcy Court Order issued June 8, 2017 at 19, ECF 1-2. The order grants the Trustee's motions to sell real property. *Id.* Appellant states that he will suffer "immediate and concrete irreparable harm" if a TRO does not issue because he "is a co-owner of the residence with both legal and equitable

interest beyond community property interests." TRO Application at 1-2, ECF 1-5. He does not state expressly that a sale of his home has been scheduled, but the Court infers as much from the nature of his request and his statement that "[a]bsent a stay pending appeal, Timothy Gens will lose his home." *Id.* at 2. Appellant makes a statement of likelihood of success on the merits, unsupported by evidence or legal authority. He nonetheless requests immediate issuance of a TRO to give him time to file a lengthier motion for relief. He states that "[t]here are further issues Appellant wishes to present with more time and on such oral and documentary evidence as may be presented at the hearing on the motion such as pursuant to Federal Rule of Bankruptcy Procedure 8007." *Id.*

Federal Rule of Bankruptcy Procedure 8007 (formerly Rule 8005) governs requests for stay or injunctive relief pending appeal. That rule provides in relevant part as follows: "Ordinarily, a party *must move first in the bankruptcy court* for the following relief: (A) a *stay* of a judgment, order, or decree of the bankruptcy court pending appeal; . . . (C) an order suspending, modifying, restoring, or *granting an injunction* while an appeal is pending." Fed. R. Bankr. P. 8007(a)(1) (emphasis added). If a party moves for such relief in district court, "[t]he motion must: (A) show that moving first in the bankruptcy court would be impracticable; or (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2).

Appellant has not complied with Rule 8007. He does not state that he first sought injunctive relief or a stay in the bankruptcy court, nor does it appear from the record that he did. The Court notes that the order on appeal, granting the Trustee's motions to sell the real property, was subject to a statutory fourteen-day stay under Federal Rule of Bankruptcy Procedure 6004(h) ("An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."). The bankruptcy court denied the Trustee's request to waive the Rule 6004(h) stay, noting that "[t]he purpose of this rule is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented." Bankruptcy Court Order issued June 8, 2017 at 19,

2

ECF 1-2. Appellant thus could have sought a stay in the bankruptcy court at any time during that fourteen-day window. He offers no explanation for his failure to do so, or for his delay in filing the present appeal and TRO application.

A failure to seek emergency relief in the bankruptcy court is "a critical defect." *In re Rivera*, No. 5:15-CV-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) (denying motion for stay where applicant had not complied with Rule 8007). "The reason for requiring that the initial application be made to the Bankruptcy Court is obvious. . . . [t]he reviewing court should have the benefit of the learning of the lower court, which is more familiar with the parties, facts and legal issues." *Id.* (quotation marks and citation omitted). The Ninth Circuit Bankruptcy Appellate Panel has referred to the requirement as "a rule of practicality and propriety." *In re Wymer*, 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980) (discussing predecessor to Rule 8007). In *Wymer* the Court went on to state that "[a]ccordingly, appellate courts are reluctant to entertain a request for stay unless it is demonstrated that the trial judge is unavailable or that the request was denied by the trial judge." *Id.*

Accordingly, Appellant's TRO application is DENIED WITHOUT PREJUDICE.

Dated: June 23, 2017

_____
BETH LABSON FREEMAN
United States District Judge

3