United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TIMOTHY GENS,<br><br>    Appellant,<br><br>    v.<br><br>DORIS KAELIN, Chapter 7 Trustee,<br><br>    Appellee. | Case No. 17-cv-03616-BLF<br>Bankr. Case No. 15-br-53562<br><br>**ORDER GRANTING MOTION TO DISMISS APPEAL**<br><br>[Re: ECF 10] |

Appellant Timothy Gens ("Appellant") is the husband of Chapter 7 Debtor Laura A. Gens ("Debtor"). Debtor has had a long-running dispute with Wells Fargo Bank, N.A. ("Wells Fargo") over a loan secured by her multi-million dollar residential property ("the Property") located in Palo Alto, California. Debtor has filed four bankruptcy cases in the past seven years, thereby preventing Wells Fargo from foreclosing on the Property.[1] In the present appeal, Appellant seeks review of the bankruptcy court's order authorizing the sale of the Property ("Sale Order"). The Chapter 7 Trustee-Appellee Doris Kaelin ("the Trustee") moves to dismiss the appeal, arguing among other things that the appeal is moot because the Property has been sold to a good faith purchaser.

For the reasons discussed below, the motion is GRANTED and the appeal is DISMISSED.

---

[1] Debtor's bankruptcy cases include Case Nos. 10-br-55305, 12-br-56055, 13-br-30106, and 15-br-53562.

## I. BACKGROUND

Debtor commenced the bankruptcy case giving rise to the present appeal on November 11, 2015, when she filed a Chapter 11 petition. *See* Chapter 11 Petition, ECF 1 in Case No. 15-bk-53562-SLJ. The bankruptcy court subsequently issued an order converting the Chapter 11 case to a Chapter 7 case over Debtor's objection ("Conversion Order"). *See* Conversion Order, ECF 163 in Case No. 15-bk-53562-SLJ.

After the case was converted to a Chapter 7 case, the Trustee filed a motion seeking authority to sell the Property to a third-party buyer ("the Buyer") for $4,060,000. The bankruptcy court granted that motion by means of the Sale Order which is the subject of the present appeal. *See* Trustee's RJN Exh. C (Sale Order), ECF 10-2. The Sale Order contained an express determination that the Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m). *See* Trustee's RJN Exh. C (Sale Order) at 18-20.

Both Debtor and Appellant unsuccessfully moved the bankruptcy court and this Court for a stay pending appeal of Sale Order. *See* Trustee's RJN Exhs. D, E, F, and G, ECF 10-2. The Trustee completed the sale of the Property to the Buyer, Kaelin Decl. ¶ 4, ECF 10-1, and the Property was conveyed to the Buyer by means of a grant deed recorded with the Santa Clara County Recorder's Office on August 9, 2017, Trustee's RJN Exh. H (Grant Deed), ECF 10-2.

Appellant has neither filed a designation of items to be included in the record on appeal, which was due July 3, 2017, or opposition to the present motion to dismiss, which was due September 6, 2017. *See* Fed. R. Bankr. P. 8009(a) (appellant must file designation of record on appeal within fourteen days after notice of appeal); Civ. L.R. 7-3(a) (opposition to motion to dismiss due within fourteen days after motion is filed).[2] The Court previously vacated the hearing on the motion to dismiss and ordered that it be submitted without oral argument upon the completion of briefing. *See* Order Vacating Hearing, ECF 14. The deadline for opposition having expired, the motion to dismiss is ripe for decision.

---

[2] The Trustee indicated in one of her filings that the opposition to the motion to dismiss was due on October 13, 2017. *See* Motion to Expedite Hearing, ECF 13. In an excess of caution, the Court waited until after that date before taking up the motion to dismiss.

## II. DISCUSSION

The Trustee argues that the sale of the Property moots the appeal of the Sale Order and, alternatively, that the appeal is subject to dismissal for failure to prosecute.

The Court agrees that the appeal of the Sale Order is statutorily moot under 11 U.S.C. § 363(m). "Section 363 of the Bankruptcy Code generally allows the trustee to use, sell, or lease property of an estate, other than in the ordinary course of business, after notice and a hearing." *In re Berkeley Delaware Court, LLC*, 834 F.3d 1036, 1039 (9th Cir. 2016) (citing 11 U.S.C. § 363). "The property rights of good faith purchasers participating in such sales are protected by section 363(m)." *In re Ewell*, 958 F.2d 276, 279 (9th Cir. 1992). That section provides that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Put more simply, "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *In re Filtercorp, Inc.*, 163 F.3d 570, 576 (9th Cir. 1998). Absent such a stay, the appeal is moot because the reviewing court "cannot grant any effective relief." *In re Ewell*, 958 F.2d at 282.[3]

The bankruptcy court authorized the Trustee's sale of the Property pursuant to 11 U.S.C. § 363(b) and made an express factual finding that the Buyer is a good faith purchaser pursuant to § 363(m). *See* Trustee's RJN Exh. C (Sale Order) at 11-13, 18-19, ECF 10-2. That factual finding of good faith will not be disturbed on appeal unless it is clearly erroneous. *In re Berkeley Delaware Court*, 834 F.3d at 1039. The Bankruptcy Code does not define good faith, but "courts generally have followed traditional equitable principles in holding that a good faith purchaser is one who buys 'in good faith' and 'for value.'" *In re Ewell*, 958 F.2d at 281. "Absence of good faith is typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Berkeley Delaware Court*,

---

[3] The Ninth Circuit has recognized two exceptions to statutory mootness under § 363(m), neither of which is implicated here: "(1) where real property is sold subject to a statutory right of redemption, and (2) where state law otherwise would permit the transaction to be set aside." *In re Ewell*, 958 F.2d at 280.

3

834 F.3d at 1041 (internal quotation marks and citation omitted).

The bankruptcy court's finding of good faith was supported by evidence which included a declaration of the Buyer's representative, Shaozhen Wen, who stated that the Buyer did not have any connection with the Debtor or any other bidders and that the Buyer had not entered into any secret payments, consideration, or agreements. *See* Trustee's RJN Exh. C (Sale Order) at 18, ECF 10-2. The bankruptcy court also relied on the fact that all parties, including the Debtor, the Trustee, and all creditors, received adequate notice of the motion to sell. *Id.* The winning bid from the Buyer provided value to the estate, specifically $4,060,000. *Id.* Finally, the bankruptcy court addressed and rejected Debtor's arguments in opposition to a finding of good faith. *Id.* For example, whereas Debtor argued that Ms. Wen lacked authority over the Buyer and that the Buyer was not current on its franchise taxes, the bankruptcy court cited Ms. Wen's declaration and other evidence which established that Ms. Wen was an authorized signer for the Buyer and that the Buyer was current on its taxes. *Id.* at 19.

Nothing in this record suggests clear error on the part of the bankruptcy court. Appellant has not identified any error, as he has chosen not to oppose the Trustee's motion to dismiss. "Because the Buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal." *In re Ewell*, 958 F.2d at 282. The sale was not stayed. Accordingly, the appeal of the Sale Order is statutorily moot.[4]

### III. ORDER

For the reasons discussed above,

(1) The Trustee's motion to dismiss the appeal is GRANTED;

(2) The appeal is hereby DISMISSED; and

(3) The Clerk is directed to close the file.

Dated: October 23, 2017

BETH LABSON FREEMAN
United States District Judge

---

[4] In light of its disposition of the appeal on the ground of statutory mootness, the Court need not reach the Trustee's argument that the appeal should be dismissed for failure to prosecute.

4